[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14832
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cr-00015-CAR-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL BURGESS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(August 14, 2015)

Before TJOFLAT, WILSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Michael Burgess pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court imposed a 65-month sentence, which was within the advisory Sentencing Guidelines' range. Defendant appeals, arguing that his sentence is substantively unreasonable because the district court placed undue emphasis on his criminal history and gave too little weight to mitigating factors. After review, we affirm.

We apply an abuse of discretion standard when reviewing the reasonableness of a sentence. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). Using a two-step process, we look first to whether the district court committed any significant procedural error and then at whether the sentence is substantively unreasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors.[1] *Id.* Although in choosing the sentence, the district court must consider the § 3553(a) factors, the district court is not required to address each factor separately. *United States v. Bonilla*, 463 F.3d 1176, 1182 (11th Cir. 2006). The party challenging the sentence bears the burden of showing that it is

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

unreasonable. *Pugh*, 515 F.3d at 1189. We will reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1191 (quotation marks omitted).

Here, Defendant has identified no procedural errors nor has he shown that his sentence is substantively unreasonable. Defendant's 65-month sentence is in the middle of the advisory guideline range of 57 to 71 months' imprisonment and well below the 10-year statutory maximum under 18 U.S.C. § 924(a)(2). *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (explaining that, while we do not apply a presumption, we ordinary expect a sentence inside the advisory guidelines range to be reasonable); *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (citing the fact that the sentence imposed was well below the statutory maximum as an indication of reasonableness).

At sentencing, Defendant requested a downward variance based on various mitigating factors. First, he noted that he had been out of custody for four years without getting into trouble and was trying to turn his life around by moving back to the Atlanta area to find a job and get away from bad influences in South Carolina. Second, he attempted to explain why he had decided to illegally possess a firearm. Specifically, after being shot when he was 17-years old, he had suffered

3

lasting kidney damage and untreated post-traumatic stress disorder. As a result, he never feels safe and had therefore obtained a gun for his own protection. Third, his guideline range had been enhanced because the gun at issue was stolen, but Defendant explained that when he had purchased the gun, he did not know this. Given all of the above, Defendant specifically requested a sentence between three-and-a-half and four years, reasoning that a sentence of this length would allow him sufficient time to receive drug treatment for his marijuana use.

In imposing sentence, the district court indicated that it had considered the § 3553(a) factors. It is true that the court did not specifically address Defendant's mitigating arguments. But a district court is not required to explicitly address each mitigating argument made by a defendant. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). In any event, the court's remarks indicate that it was aware of and considered Defendant's mitigating evidence. In fact, the court observed that Defendant would have the opportunity to receive substance abuse treatment and mental health treatment in prison.

In faulting the district court for not downwardly varying, Defendant argues that the district court placed too much emphasis on his 1997 conviction for assault and battery with the intent to kill and assault and battery of a high and aggravated nature. But we find no abuse of discretion by the district court when it concluded that the proffered mitigating factors were outweighed by Defendant's criminal

4

history, which history impacted directly the court's evaluation of the seriousness of Defendant's present offense. *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (stating that "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." (quotation marks omitted)). While it is true that Defendant's conviction occurred seventeen years prior to the present offense and that he was only 19-years old at that time, this prior offense was incredibly violent, as it involved Defendant shooting two people with a rifle. As pointed out by the district court, the fact that Defendant's prior—and very dangerous—felony offense involved the use of a firearm renders even more serious his recent decision to disregard the law by obtaining a firearm. Moreover, this prior shooting conviction is not Defendant's only legal blemish, as he has numerous drug convictions and arrests for firearms offenses.

For all these reasons, Defendant has not carried his burden to show that his 65-month sentence is substantively unreasonable.

**AFFIRMED.**